Mr. Chief Justice Johnson delivered the opinion of the Court. The first objection taken to the judgment of the Circuit Court in this case is, that the caption to the indictment fails to show that the grand jury, by whom it was found, were legally empan-neled. This ground of objection has been removed by the transcript sent up upon the return of the writ of certiorari which was issued by this Court upon its own motion to perfect the record. It was next intimated by the counsel for the defendant that the Court below erred in proceeding with the prosecution without having first assigned counsel to conduct the defence. Whether the defendant had the aid of counsel or not in the Court below, we have no means of ascertaining, as the record is wholly silent upon the subject. The statute, it is admitted, makes it the duty of the court to assign counsel to conduct the defence of any person about to be arraigned upon an indictment for a felony, in case he shall be without counsel, and shall also be unable to employ any, and in case he shall request the same. The record does not show a request of the court to assign counsel, nor any disinclination on the part of the court to discharge its duty in that respect, and consequently, if the defendant has suffered for the want of counsel to aid him in his defence, he has no means upon this record of obtaining relief. In the absence of any showing of record to the contrary, the legal presumption is that the court discharged every duty incumbent upon it. The objections urged to the time and manner of summoning the jury who tried the case, are all too late to avail any thing. If the venire issued prematurely, or was not directed generally to the whole body of the county, the exception might have' been taken before the jurors were sworn; and if so taken, might or might not have prevailed according to circumstances; but it is most unquestionably too late to raise such objections after the jurors have been sworn and returned a verdict upon the merits of the case. The last objection relates to the judgment, in giving the State all her costs in that behalf expended against the defendant. If the State has expended other costs, besides those which she incurred in the prosecution of the present defendant, she cannot collect them from him, as she can only collect such costs under this judgment as she is entitled to from him, and not such as she may be entitled to from other defendants. (See Brown's ad’m. v. Hill & Co., 5 Ark. 80, and Carlock v. Spencer and wife, 2 Eng. Rep. 24.) We have not been able to discover any error in the judgment of the Circuit Court, and consequently it must be in all things affirmed.